IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-05-187-E-BLW |
| | ) | CR-03-276-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| SERGIO VARGAS-CEJA, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1) and Defendant's Motion for Summary Judgment (Docket No. 4). The Court did not direct the Government to file a Response.

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the § 2255 Motion and denying the Motion for Summary Judgment.

## REVIEW OF § 2255 MOTION

### A.   Procedural Background and Summary of Claims and Issues

Defendant was charged with and pled guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). *Plea Agreement* (Docket

**Memorandum Decision and Order - 1**

No. 8 in criminal case).  A Presentence Report was prepared which provided for a 16-level increase in offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for having been deported following conviction for a felony that was a crime of violence.  It also provided for a 3-level reduction for acceptance of responsibility.  Defendant did not object to the Presentence Report.  At the sentencing hearing on July 12, 2004, the Government moved for and the Court granted a 2-level U.S.S.G. § 5K3.1 departure for stipulation to deportation.   Defendant was thereafter sentenced to a term of imprisonment of 48 months based on an offense level of 19 and a criminal history category of IV.

     Defendant did not appeal his sentence or conviction.  However, he timely filed his § 2255 Motion alleging (1) that his sentence was illegally enhanced by facts not admitted by him, charged in the indictment, or proven to a jury beyond a reasonable doubt; and (2) ineffective assistance of counsel based on failure to challenge the enhancement or bring mitigating factors to the attention of the Court.  In Defendant's Memorandum of Law (Docket No. 3), Defendant contends that he thought he was signing an agreement for a offense level of 16 with a fast-track 30-month sentence.  He also contends that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), in that the Court did not consider the mitigating factor that he was the main support of his family.  He concomitantly

**Memorandum Decision and Order - 2**

argues essentially that counsel was ineffective for failing to raise *Booker* issues.

### B. Standards of Law

#### 1. Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

If the Court does not summarily dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

A court need not hold an evidentiary hearing in a § 2255 case "when the

**Memorandum Decision and Order - 3**

issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994).

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-

**Memorandum Decision and Order - 4**

87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689.

The *Strickland* two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. However, part of the prejudice determination is the likelihood a more favorable outcome at trial. *Id*.

### C.    Discussion

Defendant's claims pertaining to the enhancement, the mitigating factors, and ineffective assistance of counsel are all essentially *Booker* claims. Defendant's reliance on *Booker* is misplaced. At the time of his sentencing, *Booker* had not yet been decided. *Booker* extended the rules of *Apprendi*[1] and *Blakely*[2] to the federal sentencing guidelines, rendered them advisory, and required the district courts to consider the sentencing factors of 18 U.S.C. § 3553(a). The Ninth Circuit

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

**Memorandum Decision and Order - 5**

subsequently held that *Booker* is not retroactive to cases on collateral review that were final at the time the *Booker* decision was published. *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005).

The *Booker* decision was published on January 12, 2005. Defendant's judgment had become final on July 22, 2004. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Accordingly, the Court was bound by the sentencing guidelines and could not consider the mitigating factors under § 3553(a) at the time his sentence was imposed.[3]

As for the 16-level enhancement, the record reflects that it was based on a conviction for discharge of a firearm at a dwelling or vehicle in violation of California Penal Code § 246 which provides:

> Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft, inhabited housecar, as defined in Section 362 or the Vehicle Code, or inhabited camper, as defined in Section 243 of the Vehicle Code, is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year.
>
> As used in this section, "inhabited" means currently being used for dwelling purposes, whether occupied or

---

[3] The only mitigating factor identified by Defendant is the fact that he has a young family to support. Even under *Booker* standards, it is not likely that the Court would have sentenced outside the guideline range based on that factor alone.

**Memorandum Decision and Order - 6**

not.

Defendant did not object to the fact of this conviction as set forth in the Presentence Report. Nor does he contest the fact of the conviction in his § 2255 Motion . Rather, he merely argues that he had only agreed to an offense level of 16 and a sentence of 30 months.[4]

The Ninth Circuit has held that shooting at an inhabited dwelling in violation of § 246 of the California Penal Code is a crime of violence under U.S.S.G. § 2L.1.2. *United States v. Cortez-Arias*, 403 F.3d 1111, 1115 (9th Cir. 2005), *amended by* 415 P.3d 977, *amended by* 425 F.3d 547. It subsequently extended that holding to include "every means of violating section 246, from shooting at an inhabited dwelling house, housecar, or camper, to shooting at an occupied building or motor vehicle." *United States v. Lopez-Torres*, 443 F.3d 1182,1184 (9th Cir. 2006). Defendant's conviction was for a categorical crime of violence.

*Apprendi* and *Blakely* had both been decided at the time of Defendant's sentencing. *Apprendi* held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at

---

[4]The Plea Agreement contains no such provision, but it does advise Defendant that he was subject to a statutory maximum sentence of 20 years. *Plea Agreement*, ¶ II.A. He was also so advised at the Plea Hearing.

**Memorandum Decision and Order - 7**

490 (emphasis added). *Blakely* extended the rule of *Apprendi*, including the prior conviction exception, in finding that Washington State's sentencing procedure violated by Sixth Amendment by permitting a defendant to be sentenced upon facts not found by a jury beyond a reasonable doubt. *Blakely*, 542 U.S. at 301-05.

The prior conviction exception had its origins in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Ninth Circuit has consistently rebuffed arguments that *Almendarez-Torres* has been implicitly overruled and has refused to find that prior convictions must be alleged in the indictment or proven to a jury beyond a reasonable doubt. *See, e.g., United States v.* Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir. 2006); *Lopez-Torres*, 443 F.3d at 1185.

Defendant's claims of ineffective assistance of counsel must also fail. Pre-*Booker*, it was unlikely that any defense counsel would have objected to the use of the mandatory guidelines. *See Beng-Salazar*, 452 F.3d at 1093. Furthermore, he has not alleged how the enhancement could have been successfully challenged. However, even if counsel's performance had been somehow deficient, Defendant cannot demonstrate prejudice. Had Defendant insisted on going to trial and in all likelihood been convicted, he would not have received the 3-level reduction for acceptance for responsibility or the 2-level departure for stipulation to deportation. Rather, he would have been sentenced at an offense level of 26 which, with a

criminal history category of IV, would have resulted in a sentencing range of 92 to 115 months.

## CONCLUSION

It plainly appears from the face of Defendant's § 2255 Motion and the record that Defendant is not entitled to relief. Accordingly, Defendant's claims are dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-187-E-BLW and Docket No. 14 in CR-03-276-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 4) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-05-187-E-BLW is DISMISSED with prejudice in its entirety.



DATED: **August 22, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 10**